IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Sgro, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:24-cv-452-BHH |
| v. ) | |
| ) | |
| City of Myrtle Beach, Myrtle Beach ) | |
| Police, Glen V. Ohanesian, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Sgro's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On February 27, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action with prejudice, without leave to amend, and without issuance and service of process. In summary, the Magistrate Judge determined that this is the third action filed by Plaintiff asserting similar allegations, and the Magistrate Judge recommended dismissal for the following reasons: (1) Plaintiff's claims are barred by *res judicata*; (2) Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff's complaint fails to state a claim for relief, insofar as the Myrtle Beach Police Department is not a "person" amenable to suit under 42 U.S.C. § 1983; the City of Myrtle Beach cannot be held liable pursuant to *respondeat superior* or *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); and Plaintiff's complaint contains no personal allegations against Defendant Ohanesian, who is also entitled to judicial immunity; and (4) Plaintiff's complaint is frivolous. Attached to the Report

was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy of the Report. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, **the Court adopts and incoporates the Magistrate Judge's Report (ECF No. 8) and dismisses this action with prejudice, without leave to amend, and without issuance and service of process.**

Additionally, due to Plaintiff's penchant for filing duplicative and frivolous actions, the

Court hereby sanctions Plaintiff $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, South Carolina 29601, for filing this duplicative action.  In the event Plaintiff attempts to file another action in this Court before payment of the filing fee and the sanction from this case, the Clerk of Court shall assign a civil action number (for docket control purposes) so the Magistrate Judge can (1) instruct Plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

March 18, 2024
Charleston, South Carolina